**In re WHITE HORSE GRAIN COMPANY, a/k/a White Horse Grain Co. Inc., White Horse Grain Company, Inc., Whitehorse Grain Co., Inc. and Whitehorse Grain Company, Inc., Debtor.**

**Bankruptcy No. 83–02341G.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 21, 1986.

A. Frederick Fellmeth, III, Schlessinger & Vernick, Philadelphia, Pa., for debtor White Horse Grain Co.

Christopher G. Kuhn, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The focus of controversy in the case before us is whether a debtor may properly propose a chapter 11 plan which separately classifies general unsecured creditors from bailors of goods under 11 U.S.C. § 1122 of the Bankruptcy Code ("the Code"). The dispute is limited to whether the proposed classification is allowable and does not extend to the question of whether the plan may be confirmed. Under the facts of this case we conclude that the classification is allowable.

The facts of this dispute are as follows:[1] As is often the case, the debtor incurred significant amounts of debt, but it furthermore acted as bailee for the storage of grain belonging to numerous neighboring farmers. Shortly thereafter the debtor mistakenly sold the bailed grain. At that time, the debtor was engaged in the business of purchasing grain and grain contracts, storing and reselling grain and grain products as well as the manufacture, sale and distribution of fertilizer and fertilizer products.

The debtor then filed a petition for reorganization under chapter 11 of the Code and we appointed a Committee of Unsecured Creditors ("the Committee"). The debtor proposed a plan of reorganization which segregated its creditors into five classes, the first three of which were for administrative claims, priority claims and secured claims. Under scrutiny here is the fact that the fourth class of creditors are bailment creditors while the fifth class consists of all other unsecured creditors. The plan proposes that the bailment creditors receive 100% of their claims while the general unsecured creditors receive *pro rata* distributions of the remainder of the estate, which will amount to approximately 15% of their claims. The debtor filed the instant motion under Bankruptcy Rule 3013[2] for approval of the proposed system of classifying its claims. The Committee objected to the proposed classification scheme, asserting that the debtor has impermissibly differentiated between unsecured creditors in classes four and five. The Committee would have us rule that the creditors of these two classes must be treated identically.

Our inquiry begins with the statutory provision of the Code which authorizes the classification of claims in a plan of reorganization:

§ 1122. Classification of claims or interests

For the purposes of the plan and its acceptances, the court may, on motion after hearing on notice as the court may direct, determine classes of creditors and equity security holders pursuant to §§ 1122 and 1322(b)(1) of the Code.
Bankruptcy Rule 3013.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. **RULE 3013**

CLASSIFICATION OF CLAIMS AND INTERESTS

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

11 U.S.C. § 1122. Under § 1122(a) the only restriction is whether the claims of each class are "substantially similar to the other claim or interests of such class." In the case at bench all the bailment creditors are substantially similar to each other. Similarly, the claims of the other unsecured creditors are substantially similar to each other. Thus, under § 1122(a) the bailment creditors may be classified separately from the other unsecured creditors.

As we stated above, we have limited our inquiry solely to whether the proposed classification is allowable. As restricted by the debtor's motion, we have not delved into the question of whether the proposed classification runs afoul of any other provision of the Code which would bar confirmation of the plan.

We will, accordingly, enter an order approving the debtor's motion for approval of the proposed classification under § 1122.